1  Andrew J. Ogilvie      57932
   Carol M. Brewer        214035
2  Anderson, Ogilvie & Brewer LLP
   235 Montgomery Street, Suite 914
3  San Francisco, CA 94104
   (415) 651-1952
4  andy@aoblawyers.com

5
   Attorneys for Plaintiff Kristen L. Callahan
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  KRISTEN L. CALLAHAN,                    Case No.

11             Plaintiff,

12                                          CV  COMPLAINT  13  2181

                                            v.

13                                          (Fair Credit Reporting Act)

14  EQUIFAX INFORMATION SERVICES, LLC,
    CSC CREDIT SERVICES ( now part of Equifax
15  Information Services, LLC), TRANS UNION   DEMAND FOR JURY TRIAL
    LLC, SUNTRUST MORTGAGE, INC., RKE
16  VALLEY FED CREDIT UNION, and GE
    CAPITAL RETAIL BANK
17
18             Defendant.

19                     PRELIMINARY STATEMENT

20        1.    This is an action for damages brought by an individual consumer, Kristen L.

21  Callahan, against Equifax Information Services, LLC, CSC Credit Services, Trans Union LLC,
22
23  SunTrust Mortgage, Inc., RKE Valley Federal Credit Union and GE Capital Retail Bank for

24  violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. § 1681, *et seq.*

25

26

27

28  *Callahan v Equifax Information Services, Inc. et al*
    Complaint and Jury Demand                                              1

1    THE PARTIES

2        2.    Plaintiff Kristen L. Callahan ("plaintiff") is a consumer as defined by the Fair

3    Credit Reporting Act, 15 USC §1681a(c).

4        3.    Defendant Equifax Information Services LLC ("Equifax") is a consumer

5
6    reporting agency or "CRA" as defined by the FCRA, 15 USC § 1681a(f). Equifax is a

7    business entity that regularly conducts business in this district.

8        4.    Defendant CSC Credit Services ("CSC") was a consumer reporting agency as

9    defined by the FCRA, 15 USC § 1681a(f). CSC was a business entity that regularly conducted

10   business in this district. Plaintiff is informed and believes that CSC recently was acquired by

11   Equifax and that it is now part of Equifax so that Equifax is financially responsible for

12   damages caused by to plaintiff CSC's FCRA violations.

13
14       5.    Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency

15   as defined by the FCRA, 15 USC § 1681a(f). Trans Union is a business entity that regularly

16   conducts business in this district.

17       6.    Equifax, CSC and Trans Union are referred to collectively herein as the CRA

18   defendants.

19       7.    Sun Trust Mortgage, Inc. ("Sun Trust") is a mortgage lender that is

20
21   headquartered in Richmond, Virginia and that regularly does business in California.  Sun

22   Trust is licensed by California's Department of Corporations under the California Residential

23   Mortgage Lending Act. Sun Trust furnishes consumer credit information to the CRA

24   defendants.

25       8.    RKE Valley Fed Credit Union ("RKE") is a credit union that is headquartered

26   in Virginia. RKE furnishes consumer credit information to the CRA defendants.

27

28   *Callahan v Equifax Information Services, Inc. et al*
     Complaint and Jury Demand                                                2

9.      GE Capital Retail Bank ("GECRB") is a federal savings bank that is headquartered in Utah.  GECRB regularly does business in this district.  GECRB furnishes consumer credit information to the CRA defendants.

10.     Sun Trust, RKE and GECRB are referred to collectively herein as the furnisher defendants.

### JURISDICTION AND VENUE

11.     The court has jurisdiction under 15 USC §1681p and 28 USC § 1331 and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C § 1376.

12.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

13.     Each CRA defendant has been reporting inaccurate information about plaintiff and plaintiff's credit history to third parties from at least June 2011.

14.     The inaccurate information that the CRA defendants have been reporting reflects negatively upon plaintiff and her credit worthiness.

15.     The inaccurate credit information that the CRA defendants have been reporting has prevented plaintiff from obtaining credit.

16.     Each CRA defendant has mixed another consumer's information into its credit reports on plaintiff.

17.     Each CRA defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information they placed in their files concerning plaintiff and, as a result, they created credit reports on plaintiff that included information about the credit accounts and history of people who are wholly unrelated to plaintiff and whose information should never have been included on plaintiff's credit report.

1    18.    Equifax, CSC and Trans Union have long histories of problems with mixed

2  files.  Each of those CRAs has been sued previously by consumers for mixing their

3  information with the information that relates to other, different consumers.  Plaintiff is

4  informed and believes that some of the CRA defendants entered into settlements with the

5
   Federal Trade Commission and agreed to take steps to prevent the mixing of consumer files,
6
7  but nonetheless they continue to mix the information of various consumers in the credit

8  reports they sell to credit grantors and fail to take appropriate steps to prevent this from

9  occurring.

10    19.    Plaintiff has disputed the inaccurate information that each CRA has in its credit

11  reports concerning plaintiff.

12    20.    Plaintiff has followed the procedures established by the CRA defendants for
13
   disputing inaccurate information in her credit report.
14
15    21.    After receiving plaintiff's dispute notifications, each CRA defendant failed to

16  properly reinvestigate the information in its credit file on plaintiff.

17    22.    After being notified of the inaccuracies in its credit reports on plaintiff,

18  Equifax furnished a credit report containing the same inaccurate information to a credit

19  grantor.

20    23.    After being notified of the inaccuracies in its credit reports on plaintiff, CSC
21
   furnished a credit report containing the same inaccurate information to a credit grantor.
22
23    24.    After being notified of the inaccuracies in its credit reports on plaintiff, Trans

24  Union furnished a credit report containing the same inaccurate information to a credit grantor.

25    25.    Under the FCRA, when a consumer reporting agency receives notice of a

26  dispute from a consumer, the CRA is required to notify the person or company that furnished

27

28  *Callahan v Equifax Information Services, Inc. et al*
   Complaint and Jury Demand                                                              4

1   the information of the dispute. The CRA's notice must include "all relevant information

2   regarding the dispute that the agency has received from the consumer...." Plaintiff is

3   informed and believes that each CRA defendant violated this duty by failing to provide the

4   furnishers of the disputed information with all relevant information that plaintiff had provided

5   to the CRAs.

6

7      26.    Plaintiff is informed and believes that the furnisher defendants were notified by

8   the CRA defendants that plaintiff was disputing information that they were reporting to the

9   CRAs.

10      27.    Plaintiff is informed and believes that each furnisher defendant continued to

11   report inaccurate information about plaintiff to the CRA defendants after that furnisher had

12   been notified about plaintiff's dispute.

13

14 **FIRST CLAIM FOR RELIEF**
Negligent Noncompliance with FCRA by the CRA defendants

15      28.    Plaintiff incorporates by reference paragraphs 1 through 27.

16      29.    Equifax, CSC and Trans Union negligently violated the FCRA by

17

18         a.    failing to follow reasonable procedures to assure maximum possible

19   accuracy of the information in reports concerning plaintiff, 15 USC § 1681e(b);

20         b.    failing to follow reasonable procedures to limit the furnishing of

21   consumer reports to the purposes listed under section 1681b of the FCRA, 15 USC §§

22   1681b and 1681e(a);

23         c.    failing to comply with the requirements of 15 USC § 1681i.

24      30.    As a result of each CRA defendant's failure to comply with the requirements

25   of FCRA, plaintiff has suffered and continues to suffer actual damages, including economic

26   loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference

27

28   *Callahan v Equifax Information Services, Inc. et al*
Complaint and Jury Demand                5

1    with her normal and usual activities, emotional distress, anger, frustration, humiliation,

2    anxiety, fear, worry and related physical injuries, for which plaintiff seeks damages in an

3    amount to be determined by the jury.

4         31.    Plaintiff requests attorney fees pursuant to 15 USC § 1681o(a).

5
                            **SECOND CLAIM FOR RELIEF**
6                      Willful Noncompliance with FCRA by the CRA defendants

7         32.    Plaintiff incorporates by reference paragraphs 1 through 27.

8         33.    Equifax, CSC and Trans Union willfully failed to comply with the
9
     requirements of FCRA by:
10
11             a.  failing to follow reasonable procedures to assure maximum possible accuracy

12                 of the information in reports concerning plaintiff, 15 USC § 1681e(b);

13             b.  failing to follow reasonable procedures to limit the furnishing of consumer

14                 reports to the purposes listed under section 1681b of the FCRA, 15 USC §§

15                 1681b and 1681e(a);

16             c.  failing to comply with the requirements of 15 USC § 1681i.
17
          34.    As a result of each CRA defendant's willful failure to comply with the
18
19   requirements of FCRA, plaintiff has suffered and continues to suffer actual damages,

20   including economic loss, lost opportunity to receive credit, damage to reputation, invasion of

21   privacy, interference with her normal and usual activities, emotional distress, anger,

22   frustration, humiliation, anxiety, fear, worry and related physical injuries, for which plaintiff

23   seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and

24   punitive damages in amounts to be determined by the jury.
25
          35.    Plaintiff requests attorney fees pursuant to 15 USC § 1681n(a).
26
27

28   *Callahan v Equifax Information Services, Inc. et al*
     Complaint and Jury Demand                                                          6

1

**THIRD CLAIM FOR RELIEF**
Negligent Noncompliance with FCRA by the Furnisher defendants

2

3      36.      Plaintiff incorporates by reference paragraphs 1 through 27.

4      37.      Sun Trust Mortgage, RKE Valley Federal Credit Union and GE Capital Retail

5    Bank negligently violated the FCRA by failing to properly investigate and report the disputed

6    information as required by the FCRA, § 1681s-2(b)(1)(A) through 1681s-2(b)(1)(E).

7      38.      As a result of each furnisher defendant's failure to comply with the

8
     requirements of FCRA, plaintiff has suffered and continues to suffer actual damages,
9
     including economic loss, lost opportunity to receive credit, damage to reputation, invasion of
10
11   privacy, interference with her normal and usual activities, emotional distress, anger,

12   frustration, humiliation, anxiety, fear, worry and related physical injuries, for which plaintiff

13   seeks damages in an amount to be determined by the jury.

14
                            **FOURTH CLAIM FOR RELIEF**
15                   Willful Noncompliance with FCRA by the Furnisher defendants

16     39.      Plaintiff incorporates by reference paragraphs 1 through 21.

17     40.      Sun Trust Mortgage, RKE Valley Federal Credit Union and GE Capital Retail

18   Bank willfully violated the FCRA by failing to properly investigate and report the disputed

19   information as required by the FCRA, § 1681s-2(b)(1)(A) through 1681s-2(b)(1)(E).

20
       41.      As a result of each furnisher defendant's willful failure to comply with the
21
     requirements of FCRA, plaintiff has suffered and continues to suffer actual damages,
22
23   including economic loss, lost opportunity to receive credit, damage to reputation, invasion of

24   privacy, interference with her normal and usual activities, emotional distress, anger,

25   frustration, humiliation, anxiety, fear, worry and related physical injuries, for which plaintiff

26

27

28   *Callahan v Equifax Information Services, Inc. et al*
     Complaint and Jury Demand                                              7

1 | seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and

2 | punitive damages in amounts to be determined by the jury

3 | **PRAYER**

4 | WHEREFORE, plaintiff prays for judgment against each defendant as follows:

5 | On the First and Third Claims for Relief:

6 | 1.　　Actual damages to be determined by the jury; and

7 | 2.　　Attorney fees and costs.

8 | On the Second and Fourth Claims for Relief:

9 | 1.　　Actual damages to be determined by the jury;

10 | 2.　　Statutory and punitive damages to be determined by the jury; and

11 | 3.　　Attorney fees and costs.

12 | 
13 | Dated: May 10, 2013

ANDERSON, OGILVIE & BREWER LLP

14 | 
15 | By　Andrew / Og̃.

Andrew J. Ogilvie

16 | Attorney for Plaintiff Kristen L. Callahan

17 |

18 | **DEMAND FOR JURY TRIAL**

19 | Plaintiff demands a trial by jury on all issues.

20 | Dated: May 10, 2013　　ANDERSON, OGILVIE & BREWER LLP

21 | 
22 | By　Andrew / Og̃.

Andrew J. Ogilvie

23 | Attorney for Plaintiff Kristen L. Callahan

24 |

25 |

26 |

27 |

28 | *Callahan v Equifax Information Services, Inc. et al*
*Complaint and Jury Demand*　　　　　　　　　　　　　　　　　　　8