IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRISTEN L. CALLAHAN,

    Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES LLC, et al.,

    Defendants.

No. C 13-2181 WHA

**ORDER RE MOTIONS TO DISMISS AND VACATING HEARINGS**

## INTRODUCTION

In this action arising out of a Fair Credit Reporting Act claim, the immediate question is whether to grant two motions to dismiss. For the reasons stated below, the motion to dismiss for failure to state a claim is **GRANTED** and the motion to dismiss for lack of jurisdiction will be **HELD IN ABEYANCE** until a factual record is developed on the question of personal jurisdiction. The hearings scheduled for **AUGUST 22, 2013**, are **VACATED**.

## STATEMENT

On May 13, plaintiff Kristen Callahan filed a complaint under the FCRA against multiple defendants. The complaint identifies two distinct groups of defendants: credit reporting agency ("CRA") defendants and furnisher defendants. The former are defendants Equifax Information Services LLC, CSC Credit Services, and TransUnion LLC, while the latter are defendants Roanoke Valley Community Credit Union, SunTrust Mortgage, Inc., and GE Capital Retail Bank.

1    The complaint alleges that CRA defendants have been reporting inaccurate information
2 about plaintiff's credit history since June 2011 and that this inaccurate reporting has damaged
3 plaintiff's ability to obtain credit (Compl. ¶¶ 13–15). The complaint states that plaintiff disputed
4 the reports but that each CRA defendant failed to investigate plaintiff's credit file and continued
5 to report the allegedly false information (*id.* at ¶¶ 19–24). It is alleged, moreover, that CRA
6 defendants reported plaintiff's dispute to furnisher defendants but that furnisher defendants
7 continued to provide CRA defendants with inaccurate information (*id.* at ¶¶ 26–27). Plaintiff
8 prays for relief based upon the alleged negligent and willful noncompliance with FCRA by both
9 CRA and furnisher defendants.

10    On July 1, furnisher defendant SunTrust filed a motion to dismiss for failure to state a
11 claim (Dkt. No. 19). SunTrust states that the complaint "does not satisfy basic notice pleading
12 requirements" (*id.* at 5).

13    On July 16, defendant Roanoke Valley filed a motion to dismiss for lack of personal
14 jurisdiction (Dkt. No. 24). Roanoke Valley contends that personal jurisdiction is lacking
15 because Roanoke Valley's federal charter limits its business to "those members living, working
16 or worshiping in the Roanoke Valley in the state of Virginia" (*id.* at 3). Roanoke Valley also
17 submitted an affidavit stating that Roanoke Valley has never done any business with plaintiff
18 nor has it furnished any information to CRA defendants regarding plaintiff's credit file (Dkt.
19 No. 24-1). In her opposition, plaintiff appended multiple exhibits showing that CRA defendants
20 reported an auto loan from defendant Roanoke Valley (Dkt. No. 29-1 at 4, 6).

21    For the reasons stated below, defendant SunTrust's motion is **GRANTED** and defendant
22 Roanoke Valley's motion is **HELD IN ABEYANCE** until a factual record is developed on the
23 question of personal jurisdiction.

**ANALYSIS**

**1.    DEFENDANT SUNTRUST'S MOTION TO DISMISS.**

26    To survive a motion to dismiss, a complaint must contain sufficient factual matter,
27 accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556
28 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations

2

to draw a reasonable inference that the defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

The complaint falls short of the standard established by *Iqbal* and *Twombly*. The entirety of the complaint's factual allegations against SunTrust are (1) plaintiff believes SunTrust received notice of the dispute from CRA defendants and (2) plaintiff believes SunTrust continued to report inaccurate information about plaintiff after receiving notice (Compl. ¶¶ 26–27). These allegations are too conclusory. Plaintiff must explain *why* she believes that defendant SunTrust received notice of the dispute. Any amended complaint must provide specific allegations as to when SunTrust received notice of plaintiff's dispute and why she believes SunTrust failed to properly investigate the information it allegedly furnished to CRA defendants. An amended complaint must also append as exhibits the disputed credit reports including the allegedly inaccurate information furnished by defendant SunTrust.

**2. DEFENDANT ROANOKE VALLEY'S MOTION TO DISMISS.**

Rule 12(b)(2) governs dismissal for lack of personal jurisdiction. It is plaintiff's burden to establish a court's personal jurisdiction over a defendant. Evidence presented in affidavits may be considered to assist in the determination and discovery on jurisdictional issues may be ordered. However, when a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss. That is, plaintiff need only demonstrate facts that, if true, would support jurisdiction over defendant. Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a Rule 12(b)(2) motion to dismiss. Likewise, "conflicts between the facts contained in the parties' affidavits must be resolved in plaintiffs' favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citations omitted).

3

The complaint states that jurisdiction is proper because "furnisher defendants were notified by the CRA defendants that plaintiff was disputing information that they were reporting to the CRAs" and that "defendant continued to report inaccurate information about plaintiff to the CRA defendants" (Compl. ¶¶ 26–27). The complaint bases these allegations on the fact that "RKE Valley Fed Credit Union" showed up on plaintiff's credit reports obtained from TransUnion and Equifax. The reports show that plaintiff took out an auto loan of $15,248 in April 2008 from Roanoke Valley (Dkt. No. 29-1 at 4). In her opposition to defendant's motion, plaintiff states that (1) CRA defendants must have notified Roanoke Valley of plaintiff's dispute, (2) CRA defendants must have informed Roanoke Valley that plaintiff lived in California, and (3) that Roanoke Valley continued to furnish inaccurate information about plaintiff, thereby purposefully directing its activities at a resident of the forum state (Dkt. No. 28 at 2–5). Defendant Roanoke Valley supplies an affidavit from the president of the credit union stating that plaintiff has never been a member of the credit union and Roanoke Valley has never made any reports to any credit reporting agencies concerning plaintiff (Dkt. No. 24-1 at 3).

Given the conflicting accounts between defendant's affidavit and plaintiff's complaint and affidavit, it is too early to rule on Roanoke Valley's motion. Each side may take two depositions on the issue of personal jurisdiction and may propound six narrowly directed document requests, five requests for admission, and five interrogatories. This must be done promptly and supplements based thereon may be filed on or before **SEPTEMBER 13, 2013**. All briefs will be limited to five pages in length, double-spaced with no footnotes. Counsel must cooperate to streamline this discovery. This discovery must go forward now even though there is the possibility that a motion to dismiss will eventually be granted. This will not be interpreted as a *de facto* stay of other discovery.

**CONCLUSION**

For the reasons set forth above, defendant SunTrust's motion is **GRANTED**. Plaintiff may seek leave to amend the complaint and will have until **AUGUST 26, 2013**, to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint. A proposed amended complaint must be appended to this motion. Plaintiff should plead her best case.

4

The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein, and should include as an exhibit a redline or highlighted version identifying all changes. If such a motion not is not made, the answer will be due ten calendar days thereafter.

Defendant Roanoke Valley's motion will be **HELD IN ABEYANCE**.

The hearings scheduled for **AUGUST 22, 2013**, are **VACATED**.

**IT IS SO ORDERED.**

Dated: August 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5